Michael Mogan (S.B.N. 304107)
Law Office Of Michael Mogan
1439 N. Highland Ave., PMB 1116
Los Angeles, CA 90028
Telephone: (949) 424-5237
Fax (949)630-0477
mm@michaelmogan.com
Attorney for Plaintiff

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| VERONICA MCCLUSKEY | **CASE No.** |
| Plaintiff | |
| v. | TRIAL BY JURY DEMANDED |
| WILLIAM AND ROXANNE HENDRICKS | |
| Defendants. | : |

## COMPLAINT PURSUANT TO RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS ACT

Plaintiff, Veronica McCluskey ("Plaintiff"), by her attorney, files this complaint against William and Roxanne Hendricks ("Defendants"), alleging as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is conferred and invoked pursuant to the Racketeer Influenced and Corrupt Organizations Act ("RICO") 18 U.S.C. § 1961 *et seq.*, (specifically 18 U.S.C. § 1964(c)), and 28 U.S.C. § 1331.

2. Venue is proper in this court as a substantial part of the events or omissions giving rise to the action occurred in this district. 28 U.S.C. §1391(a)(2). Defendants also do business in person and through their agents and representatives in Los Angeles county within this district. A substantial part of the events or omissions giving rise to the claims also occurred within this district. 28 U.S.C. §1391(b)(2).

### PARTIES

3. Plaintiff Veronica McCluskey is an adult over the age of 18 years old and resident of the state of Michigan residing in the county of Gogebic.

4. Defendant William Hendricks (hereafter "William") is an adult over the age of 18 years old and resident of San Diego county in the state of California. William violated 18 U.S.C. §§ 1962(c) and (d) by actively participating in Defendant William and Defendant Roxanne Hendricks (hereafter "Roxanne") scheme to use wire communication to commit extortion in attempting to silence Plaintiff from exposing Defendants unlawful conduct of trafficking illegal drugs though the U.S. Postal Service, by violating the Hobbs Act in destroying Plaintiff's business and livelihood, and by William actively participating with Roxanne in a

tax evasion scheme by failing to collect and pay employee payroll tax withholdings to the Federal government.

5. Defendant Roxanne is an adult over the age of 18 years old and resident of San Diego County in the state of California. Roxanne violated 18 U.S.C. §§ 1962(c) and (d) by actively participating in her and William's scheme to use wire communication to commit extortion in attempting to silence Plaintiff from exposing Defendants unlawful conduct of trafficking drugs though the U.S. Postal Service, by violating the Hobbs Act in destroying Plaintiff's business and livelihood and by actively participating in Defendants William and Roxanne's tax evasion scheme by failing to collect and pay their employees payroll tax withholdings to the Federal government.

## NON-PARTY ENTITIES AFFILIATED WITH DEFENDANTS

6. Your Airbnb Co-Host Inc. is Defendant William and Roxanne's vehicle for their short-term rental property management operations which was established to manage third parties short term rental properties. An Airbnb co-host is an individual, group of individuals or business entity which manages Airbnb rentals for other Airbnb hosts.

7. Defendant William and Roxanne's property management business managing their own short term rental business began as early as 2016 when they moved to Iowa and rented their downtown Los Angeles condominium on online rental portals. On information and belief, Defendants William and Roxanne's short term co-host rental operation began on October 4, 2017 when William formed Your Airbnb Co-Host Inc. which was organized under the laws of Delaware. This entity remains active as a Delaware Corporation.

## BACKGROUND

8. At all times relevant, Defendants William and Roxanne operated a short term rental property at their condominium they own at 312 W. 5th Street, #705, Los Angeles, CA 90013 ("Unit #705).

9.   AIRBNB is an online marketplace and hospitality service, enabling people to lease or rent short-term lodging including vacation rentals, apartment rentals, homestays, hostel beds, or hotel rooms. The company does not own any lodging; it is merely a broker and receives percentage service fees (commissions) from both guests and hosts in conjunction with every booking.

10.  Prior to Plaintiff being contacted by Defendants William and Roxanne, Plaintiff had accumulated over two years of positive reviews from her own rental guests on Airbnb's website that enabled her to become an Airbnb Superhost which Airbnb only granted such status to approximately 2% of hosts. An important benefit of being a Superhost is a significant boost in earnings which is a byproduct of more exposure from increased visibility on Airbnb's website. Some Superhosts earn as much as 60% more revenue per available rental day.

11.  In or around May 2017, Defendants William and Roxanne contacted Plaintiff through AIRBNB' s web portal and expressed an interest in hiring Plaintiff for an employment position Defendants William and Roxanne had available as a co-host where Plaintiff would help manage Defendants William and Roxanne's short term rental property at Unit 705. Plaintiff noticed Airbnb listed William as an Airbnb "Superhost."

12.  In May 2017 Defendants William and Roxanne hired Plaintiff as an employee for the cohost position.

13.  Plaintiff began her employment in May 2017 as an AIRBNB co-host for her employer the Defendants William and Roxanne where Plaintiff's job duties included management of Defendants William and Roxanne's AIRBNB short term rental property at Unit #705 and among other duties management of Defendants mail. Plaintiff soonafter learned that Defendants William and Roxanne were receiving shipments of illegal drugs through the United States mail at Unit #705 and Defendants had asked Plaintiff to manage the mail.

14. At all times relevant to the claims alleged herein, Defendants William and Roxanne knew that Plaintiff had her own rental property listed on AIRBNB's website for her apartment in downtown Los Angeles in close proximity to Unit #705.

15. At all times relevant to the claims alleged herein, Defendants William and Roxanne knew that Plaintiff had her own rental property listed on AIRBNB's website for Plaintiff's rental property in Nevada.

16. Defendants William and Roxanne lived in Iowa in 2017 while Plaintiff was employed by Defendants William and Roxanne.

17. Defendants William and Roxanne paid Plaintiff her wages electronically over wire communication by use of the internet from Defendants William and Roxanne's home in Iowa.

18. Plaintiff operated a short term rental in Los Angeles in close proximity to Unit #705 prior to and while working for Defendants William and Roxanne but eventually Plaintiff did not renew the lease as a result of Defendants acts as alleged herein.

19. As part of Plaintiff's co-host duties, Defendants William and Roxanne asked Plaintiff to open the mail and packages delivered to Unit #705 since William and Roxanne spent most of their time in Iowa and Plaintiff was asked by William and Roxanne if she could ship some of the mail to Defendants residence in Iowa.

20. Defendants William and Roxanne made arrangements with employees of the property management firm that manages the building located at 312 West 5th Street #705 in Los Angeles, California to accumulate William and Roxanne's mail and packages received at Unit #705.

21. In or around June 2017, William and Roxanne purchased illegal drugs over the internet as they had done in the past and had these drugs shipped via the U.S. postal service to their property located at 312 West 5th Street #705, Los Angeles, CA 90013 and this shipment arrived on or before June 6th, 2017.

22. On June 6th 2017, Plaintiff travelled to unit #705 to manage Defendants short term rental property and Plaintiff picked up the mail and packages that were being held by employees of the property management firm that manages the building. William had asked Plaintiff to pick up and open the mail and packages that were delivered to Defendants unit #705.

23. Plaintiff opened a box addressed to William that had arrived in USPS Priority mail packaging and Plaintiff discovered the box was filled with illegal drugs. There were at least three types of drugs in package which upon information and belief included opioids, molly and morphine.

24. On information and belief, since at least 2015 the Federal Bureau of Investigation and Los Angeles Police Department had been conducting a criminal investigation of the group of individuals who sent this specific package addressed to William. On information and belief, the individuals who sent the illegal drugs used fake return addresses and constantly changed the return address slightly in a failed attempt to avoid detection by the United States Postal Office and other law enforcement officials of their illegal acts. On information and belief, William and Roxanne had made purchases from this group of individuals before June 2017.

25. William admitted the illegal drugs in the package belonged to him and he stated to Plaintiff he enjoys pain pills. This was not the only time Defendants William and Roxanne received shipments of drugs at Unit #705 in Los Angeles, California.

26. At no time on or before June 6th 2017 did Defendants William nor Roxanne warn or inform Plaintiff that there would be deliveries of illegal drugs to unit #705 while Plaintiff was employed.

27. On June 6th, 2017, Defendant William asked Plaintiff over the telephone to mail the illegal drugs to Defendants William and Roxanne's residence in Iowa and Plaintiff refused to.

28. Defendant William then asked Plaintiff over text message on June 6, 2017 to meet someone named Inmer whom William described as a friend in unit #705 so Plaintiff could give Inmer the illegal drugs and Plaintiff also refused to do so. Inmer was also an employee of Defendants.

29. Once Defendant William stated to Plaintiff he had a bad habit, Plaintiff became concerned that these illegal drug shipments to unit #705 were a recurring event and Plaintiff became concerned she might become a suspect by law enforcement, arrested or possibly harmed by the presence of drugs at her workplace.

30. Plaintiff left the entire contents of the USPS priority mail box with the illegal drugs at unit #705 on June 6th 2017 and Plaintiff left the unit.

31. Defendant William was ordering illegal drugs over the internet with Defendants William and Roxanne's computer and trafficking illegal drugs to William and Roxanne's residences over a number a years. He used a special browser called Tor (https://www.torproject.org/) on Defendants computer which allowed such access dark net sites that sold drugs online which were then shipped to Defendants residences. The most famous of these was "The Silk Road" marketplace but copycat sites were also used by Defendants that emerged after Silk Road was shutdown by law enforcement. The illegal drugs were purchased with BitCoins on these dark net sites. On information and belief, William and Roxanne's community property funds were used for the illegal drug purchases.

32. Defendant William admits illegal drugs purchased over the internet were delivered to his and Roxanne's residences in San Diego between the years 2013 - 2016, to a house Defendants stayed in in Austin, Texas during the summer of 2014, to Defendants residence at 312 West 5th Street #705 in Los Angeles during 2017, and also to Defendants residence in Iowa during 2016 and 2017. On information and belief, Defendants illegal purchase of drugs continued after Plaintiff confronted Defendants about the package Plaintiff discovered June 6, 2017.

33. Defendants William and Roxanne were simultaneously operating a property management business to manage their short term rental at unit #705 since 2016. In 2018 William formed a Delaware corporation "Your Airbnb Cohost Inc." to run a business similar to Plaintiff's cohost business.

34. Plaintiff contacted AIRBNB employees to inform them of the events that occurred at unit #705 regarding her discovery of drugs on June 6th 2017 and Defendants William and Roxanne's attempts to have Plaintiff also commit criminal acts and AIRBNB employees took no immediate action.

35. Plaintiff informed Defendants William and Roxanne she wanted to quit after discovering the drugs and reluctantly on June 11, 2017 gave William and Roxanne two weeks notice after they demanded such notice from Plaintiff. Defendants William and Roxanne threatened to complain to Airbnb if Plaintiff quit immediately which would disrupt Plaintiff's cohost business and her own short term rental business for her own rentals in Los Angeles and Nevada. On June 11, 2017 Defendant Roxanne stated to Plaintiff Defendants wanted a month's notice.

36. On June 16 2017, over the telephone Defendant William stated to a male guest staying in Unit# 705 that the guest should allow Plaintiff to check him into unit #705 and the guest should then physically throw Plaintiff out of Unit #705 as soon as possible because Plaintiff was a thief and crazy bitch.

37. Plaintiff contacted the Los Angeles Police Department about Defendant William and Roxanne's threats and illegal conduct in shipping drugs through the United States Postal Service and William's conduct in asking Plaintiff to commit criminal acts.

38. When Plaintiff spoke with Los Angeles police officers, she told them about Defendants conduct in shipping drugs through the mail and William's act in asking her to commit criminal acts. Plaintiff provided the Los Angeles police with pictures of the drugs including the USPS Priority mail package with William's name and his address on the envelope.

39. On June 17th, 2017 Defendant William threatened Plaintiff so she would not complain to Airbnb about Defendants William and Roxanne's illegal conduct and William stated "too bad you violated a house rule that I've had from day one and a touchy subject for airbnb - photo shoots." William also stated to Plaintiff "I don't want to get nasty but will go there if you want to. I'd just assume save us both the time and energy." William also threatened Plaintiff and stated "I have all of my notes for AIRBNB written up, too, if you want to go there."

40. Defendant William made false statements to AIRBNB employees over email in June 2017 including claiming Plaintiff violated AIRBNB 's terms of service. Defendants made false statements to Airbnb employees in an attempt to convince Airbnb employees Defendnats were not involved in trafficking illegal drugs through the United States Postal Service and also in part to convince Airbnb employees William did not ask Plaintiff to commit similar criminal acts.

41. Defendant William made false statements to AIRBNB employees over email in claiming Plaintiff violated AIRBNB 's terms of service in claiming Plaintiff conducted unauthorized photo shoots in Unit 705.

42. Defendant William made false statements to AIRBNB employees over email in claiming Plaintiff violated AIRBNB' s terms of service in claiming that Plaintiff was not permitted to use a different name on her AIRBNB profile than her legal name.

43. On June 17th 2017, Defendant Roxanne falsely stated over email to AIRBNB employees that there definitely seems to be a history of retaliation by Plaintiff via accusations that cause delisting.

44. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email that Plaintiff was the only person in William's Unit #705 able to be running a drug smuggling ring.

45. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email Plaintiff stated she had been de-listed at least once in a place she either hosted or co-hosted.

46. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email that Plaintiff stated she had been caught with a "nest like" camera in a place she either hosted or cohosted and that such act is illegal in addition to highly inappropriate.

47. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email Plaintiff opened William's mail without his permission which is a federal felony.

48. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email that Plaintiff does not use her real name on AIRBNB which violates AIRBNB's terms and services.

49. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email that Plaintiff bragged about her ability to get people delisted, including William and Roxanne, as both a competitive and vindictive measure.

50. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email Plaintiff refusal to be alone in the apartment with any male, especially Hispanics and other non-whites is definitely not consistent with AIRBNB's non-discrimination policy which William was thrilled to sign.

51. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email Plaintiff is a pathological liar.

52. On June 17th 2017, Defendant William falsely stated to AIRBNB employees over email Roxanne did some online research and saw a photo Plaintiff took from William's Unit #705 breaking the "No photo shoots" rule William and Roxanne had in place from day 1.

53. On or about June 17th 2017, Defendant William falsely stated to AIRBNB employees over email plaintiff was unstable and unreasonable.

54. On June 17th 2017, Defendant Roxanne resent William's June 17, 2017 email to Airbnb employees which included William's false statements included in paragraph 44-53 above.

55. On June 18, 2017, Defendant Roxanne stated to Airbnb employees over email she hoped Plaintiff's profile was also being deactivated while Airbnb sorts this out.

56. On information and belief, on June 21, 2017 Defendant William stated to Airbnb employees over the telephone he is willing to work with the LAPD to provide Airbnb proof that he is not involved in illegal activity thus it is clear by June 21, 2017 he knew the specific law enforcement agency Plaintiff had reported Defendants criminal acts to. On information and belief, Defendants William and Roxanne also continued to send Airbnb employees documentation over email on or about June 21, 2017 to interfere with Plaintiff's cohost business and livelihood as an Airbnb host for her own rental properties.

57. On June 22, 2017, Defendant William stated to Airbnb employees he wanted LAPD to come to his rental unit to prove he's not guilty, but William stated that's not something that the police are willing to do proactively. Upon information and belief, neither Willian nor Roxanne had spoken to the Los Angeles Police Department.

58. On June 23, 2017 Airbnb deleted Plaintiff's Superhost profile and cancelled Plaintiff's pending reservations for Plaintiff's rental properties in Los Angeles and Las Vegas which resulted in lost revenues and unrealized profits. Since Plaintiff's Super Host profile was deleted, she could no longer work as a cohost as she did for Defendants thus her cohost business was destroyed and Plaintiff lost wages and income as a cohost.

59. Since June 23rd 2017, AIRBNB has expressed a desire to no longer do business with Plaintiff as a cohost managing other Airbnb hosts properties and Airbnb will not reactivate Plaintiff's original profile which had numerous

favorable reviews despite multiple requests by Plaintiff to do so. On information and belief, William and Roxanne have refused to contact Airbnb employees and admit they were indeed involved in drug trafficking for many years including at an Airbnb rental.

60. Defendant William and Roxanne caused Airbnb Inc. to refuse to permit Plaintiff to continue to work as a cohost for other cohosts utilizing Airbnb's web platform thus William and Roxanne sufficiently induced Plaintiff's consent to give up property, consisting of Plaintiff's right to contract freely with Airbnb Inc. and other Airbnb cohosts. There are other short term rental businesses besides Airbnb Inc. and such businesses beyond Defendants William and Roxanne's control with whom Plaintiff could do business.

61. After June 2017, Plaintiff attempted to mitigate damages at her separate rental property in Los Angeles but Plaintiff subsequently surrendered her rental unit in downtown Los Angeles she occupied in June 2017 because of Defendants William and Roxanne's conduct alleged herein because such unit was no longer as profitable to rent on a short-term basis.

62. On October 4, 2017, Defendant William formed Your Airbnb Co-Host Inc. with the Delaware Secretary of State so William and Roxanne could run a similar business as Plaintiff had operated until June 2017. This entity remains active.

63. On April 2, 2018 Defendant William registered Your Airbnb Host Inc. in California. On April 18, 2019 William executed a certificate of surrender surrendering Your Airbnb Host Inc.'s rights and authority to transact business in California among other rights.

64. Airbnb still has not reactivated Plaintiff's Superhost account thus she is still unable to operate a cohost business in cooperation with Airbnb Inc. despite the fact she still desires to.

65. On information and belief, Defendants William and Roxanne did not file Federal quarterly payroll tax return for wages paid to Plaintiff in 2017. On

information and belief, William and Roxanne did not file an annual 2017 Federal payroll tax return which was due in January 2018 for the wages Defendants paid Plaintiff or for the wages Defendants paid any of their employees. On information and belief, Defendants have never filed payroll tax returns for Defendants employees who worked at unit #705 since 2017 and the threat of Defendants' failing to pay their half of the social security payments for their employees and subject their employees to tax liability continues as Defendants still operate a short term rental property.

66. On Information and belief, Defendant William is still being treated by medical professionals for drug addiction and the threat of continued criminal activity involving drug trafficking continues.

67. Airbnb Inc. and Defendants William and Roxanne Hendricks still conduct business and William is an Airbnb SuperHost and have hired other employees after Plaintiff ceased working for Defendants. On information and belief, Defendants employed individuals who manage Unit #705 and on information and belief still operate unit #705 as a short term rental employing individuals thus threat the threat of continued criminal activity involving tax evasion continues.

**RICO ALLEGATIONS**

68. Plaintiff re-alleges and incorporates by reference paragraphs 1 – 67 as if fully set forth herein.

69. As detailed above in paragraphs 7-67 and as described further below, Defendants William and Roxanne conducted or participated in the conduct of an association in fact enterprise and alternative association in fact enterprise, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(c).

70. Alternatively, the Defendants William and Roxanne, through an agreement to commit two or more predicate acts, conspired to conduct or participate in the conduct of an enterprise, through a pattern of racketeering activity in violation of 18 U.S.C. § 1962(d). The actions of William and Roxanne as against Plaintiff, and

as described above and as further described below, were in furtherance of the Defendants' conspiracy and in violation of 18 U.S.C. § 1962(d).

**FIRST CAUSE OF ACTION**
**Federal Civil RICO, 18 U.S.C. 3 1962(c)**
**(Against William and Roxanne Hendricks)**

71. Plaintiff incorporates by reference all the preceding paragraphs 1-70 of this Complaint as if fully set forth herein.

72. Defendants William and Roxanne violated RICO and Plaintiff was injured as a result.

73. Each Defendant, William and Roxanne, is a "person" capable of holding legal or beneficial interest in property within the meaning of 18 U.S.C. §1961(3).

74. Each Defendant, William and Roxanne, violated 18 U.S.C. §1962(c) by the acts described in the prior paragraphs, and as further described below.

75. The Enterprise. Defendants William and Roxanne, together form an association-in-fact enterprise that acted together for the common and continuing purpose described herein and constituted an enterprise within the meaning of 18 U.S.C. §1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity in purchasing drugs over the internet and trafficking illegal drugs so they can be delivered to Defendants William and Roxanne by the United States Postal Service. The members of the enterprise functioned as a continuing unit with an ascertainable structure separate and distinct from that of the conduct of the pattern of racketeering activity. To advance their aims, William and Roxanne pooled their resources, knowledge, skills, and labor to achieve continuing pattern of racketeering activity in purchasing illegal drugs over the internet so they can traffic illegal drugs through the United States Postal Service. There may also be other members of the enterprise who are unknown at this time. William and Roxanne each participated in a distinct association-in-fact enterprise and have worked in concert to achieve market efficiencies toward their common aim of purchasing illegal drugs over the internet so they can be trafficked

through the United States Postal Service and upon information and belief, other delivery carriers. William and Roxanne played a part in conducting the association in fact enterprise's affairs in utilizing computer equipment to purchase illegal drugs, in arranging payments for the illegal drugs and William and Roxanne coordinated drug deliveries. William and Roxanne's acts are inherently unlawful and were done in pursuit of unlawful goals of drug trafficking. Defendants William and Roxanne's enterprise has engaged in, and their activities have affected, interstate commerce.

76. Alternative enterprise. Defendants William and Roxanne, together form an association-in-fact enterprise that acted together for the common and continuing purpose described herein and constituted an enterprise within the meaning of 18 U.S.C. §1961(4) engaged in the conduct of their affairs through a continuing pattern of racketeering activity in under reporting employee wages to the Federal government to deprive William and Roxanne's employees of the employer Defendants' half of the social security payments. The members of the enterprise functioned as a continuing unit with an ascertainable structure separate and distinct from that of the conduct of the pattern of racketeering activity. To advance their aims, William and Roxanne pooled their resources, knowledge, skills, and labor to achieve continuing pattern of racketeering activity in under reporting employee wages to deprive Defendants' employees of half of their social security payments. There may also be other members of the enterprise who are unknown at this time. William and Roxanne each participated in a distinct association-in-fact enterprise and have worked in concert to achieve market efficiencies toward their common aim of under reporting employee wages to the Federal government. William and Roxanne's acts were inherently unlawful and were done in pursuit of unlawful goals of under reporting wages to the Federal government. Defendants William and Roxanne's enterprise has engaged in, and their activities have affected, interstate commerce.

77. Pattern of Racketeering Activity. Defendants William and Roxanne, each of whom are persons associated with, or employed by, the enterprise and alternative enterprise, did knowingly, willfully and unlawfully conduct or participate, directly or indirectly, in the affairs of the enterprises through a pattern of racketeering activity within the meaning of 18 U.S.C. §§ 1961(1), 1961(5), and 1962(c). The racketeering activity was made possible by William and Roxanne's regular and repeated use of the facilities and services of the enterprise and alternative enterprise. William and Roxanne had the specific intent to engage in the substantive RICO violations alleged herein.

78. Predicate acts of racketeering activity are acts which are indictable under provisions of the U.S. Code enumerated in 18 U.S.C. §1961(I)(B), as more specifically alleged below. Defendants each committed at least two such acts or else aided and abetted such acts.

79. On information and belief, the United States Postal Service employees were not aware they were transporting illegal drugs being shipped to Defendants residences since as far back as 2013. William also asked Plaintiff to transport illegal drugs to William and Roxanne's residence in a similar manner in June 2017 and then William asked Plaintiff to meet another employee Inmer Hernandez so he could transport the drugs to William and Roxanne. William and Roxanne's acts in causing United States Postal Service employees to transport illegal drugs on Defendants behalf and Defendants actions in asking Plaintiff to also transport Defendants illegal drugs all had a similar purpose and result, participants, victims and method of commission.

80. The acts of racketeering were not isolated, but rather the acts of Defendants William and Roxanne were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by William and Roxanne have been continuous. There was repeated illegal conduct during a period of time beginning in 2013 through at least June

2017 and upon information and belief after June 2017 and the threat of drug trafficking continues. William and Roxanne's acts of extortion, violations of the Hobbs Act and acts of wire fraud all related to their racketeering acts in trafficking illegal drugs through the Unites States Postal Service to an Airbnb rental without Airbnb becoming aware initially as well. On information and belief, William is still taking drugs to combat drug addiction and there is threat of repetition of such illegal drug trafficking conduct. William and Roxanne have engaged in past criminal conduct and there also exists a threat of future criminal conduct. The predicate acts are part of the association in fact enterprise's and alternative enterprises regular way of doing business and there is a continued threat of repetition of all such conduct.

81.    Defendants William and Roxanne Hendricks acts of racketeering in depriving Plaintiff of half of her social security payments also were not isolated, but rather the acts of William and Roxanne that were related in that they had the same or similar purpose and result, participants, victims and method of commission. Further, the acts of racketeering by Defendants William and Roxanne have been continuous. There was repeated illegal conduct during a period of time beginning in 2017 which was after William and Roxanne moved to Iowa and rented #705 on Airbnb's website and Defendants thereafter employed Plaintiff, Inmer Hernandez, and on information and belief there are other employees. On information and belief, William and Roxanne have underreported wages for all their employees since 2017 and continue to deprive their employees of Defendants' employer half of social security payments. The Federal government requires employers such as Defendants William and Roxanne to report income and withholding to the Internal Revenue Service. William and Roxanne have engaged in past unlawful conduct in under-reporting the amount of wages paid employees to the Internal Revenue Service and there exists a threat of future unlawful conduct. The predicate acts are part of the association in fact alternative enterprises

regular way of doing business and there is a continued threat of repetition of all such conduct.

82. The association-in-fact enterprise, as alleged herein, was not limited to the predicate acts and extended beyond the racketeering activity. Rather, an enterprise existed separate and apart from the pattern of racketeering activity for the legitimate business purpose of William and Roxanne's short term rental business operated primarily through Airbnb's website. William and Roxanne have had and do have, legitimate business plans outside the pattern of racketeering activity in trafficking illegal drugs and under reporting wages to the Federal government.

83. Plaintiff had a right to pursue a lawful rental business including the solicitation of customers necessary to the conduct of such cohost business which has long been recognized as a property right within the protection of the Fifth and Fourteenth Amendments of the Constitution.

84. Defendants William and Roxanne participated in the operation and management of the association-in-fact enterprise by overseeing and coordinating the commission of multiple acts of racketeering as described above and further described below.

85. Defendants William and Roxanne's attempted interference with Plaintiff's business relationship with Airbnb was an attempted restraint upon Plaintiff's operational efficiency and an attempted restraint upon interstate commerce by William and Roxanne.

86. Defendants William and Roxanne's attempted interference with Plaintiff's relationship with her own rental customers and other cohosts was an attempted restraint upon Plaintiff's operational efficiency and attempted restraint upon interstate commerce by Defendants William and Roxanne.

87. Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C. §1343. On June 6, 2017 Defendant William asked Plaintiff to mail his illegal drug delivery to Defendants residence in Iowa through the United States Postal Service

and Plaintiff refused to do so. William's act in asking Plaintiff over the telephone to mail illegal drugs through the United States Postal Service constituting an indictable offense under 18 U.S.C. §1343 as he committed honest services fraud. William as Plaintiff's employer was engaged in an informal fiduciary relationship with his employee Plaintiff and William breached such fiduciary duty by threatening Plaintiff if she complained to Airbnb employees about William and Roxanne's illegal conduct.  William's threats to Plaintiff also violated Iowa Criminal Code Sec. 7114 thus he committed honest services fraud in violation of 18 U.S.C. §1343 breaching his fiduciary duty to Plaintiff as his employee.

88. Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C. §1343.  On June 6, 2017 Defendant William asked Plaintiff over text message to meet Inmer Hernandez to pick up the illegal drugs Plaintiff discovered in Unit #705. William's act in asking Plaintiff to meet an individual at Unit #705 to transport the illegal drugs to William and Roxanne's residence in Iowa constituted an indictable offense under 18 U.S.C. §1343 as William committed honest services fraud. William as Plaintiff's employer was engaged in an informal fiduciary relationship with his employee Plaintiff and William breached such fiduciary duty by asking Plaintiff to commit a crime.

89. Predicate Act. Extortion. On June 6, 2017 Plaintiff stated to Defendant William she wanted to quit working for William and Roxanne over the telephone because of the illegal drug delivery and William's conduct and he stated to Plaintiff that if she quit immediately Defendants would complain to Airbnb employees thus William committed extortion by threatening to harm Plaintiff's business and professional reputation with Airbnb for the purpose of obtaining Plaintiff's continued labor. Plaintiff had a right to make business decisions free from outside pressure wrongfully imposed and William violated Plaintiff's rights.

90. Predicate Act. Extortion. Plaintiff also indicated she wanted to quit to Defendant Roxanne over the telephone after June 6, 2017 and Roxanne stated to

Plaintiff she needed notice or would complain to Airbnb thus Roxanne committed extortion by threatening to harm Plaintiff's business and professional reputation with Airbnb for the purpose of obtaining Plaintiff's continued labor. Plaintiff had a right to make business decisions free from outside pressure wrongfully imposed by Roxanne and she violated Plaintiff's rights.

91._Predicate Act. Extortion_.  On June 17, 2017 Defendant William threatened Plaintiff over email if she complained to Airbnb employees about William's illegal and unlawful conduct and William threatened to get nasty and he stated Plaintiff should just save them both the time and energy. William also threatened Plaintiff in stating he had all of his notes for Airbnb written up if Plaintiff wanted to go there. William committed extortion by threatening to harm Plaintiff's business and professional reputation with Airbnb if Plaintiff complained to Airbnb employees.

92. _Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C. §1343_.  On June 17, 2017 when Defendant William threatened Plaintiff over email if she complained to Airbnb employees, William committed an act constituting an indictable offense under 18 U.S.C. §1343 as William committed honest services fraud. William as Plaintiff's employer was engaged in an informal fiduciary relationship with his employee Plaintiff and William breached such fiduciary duty by threatening Plaintiff if she complained to Airbnb employees about William and Roxanne's illegal conduct.  William's threats to Plaintiff also violated Iowa Criminal Code Sec. 7114 thus he committed honest services fraud in violation of 18 U.S.C. §1343 breaching his fiduciary duty to Plaintiff as his employee.

93. _Predicate Act. Violation of the Hobbs Act 18 USC §1951._ William had followed through with such threats to Plaintiff by means of a June 17, 2017 by making false statements about Plaintiff to Airbnb employees via email including as alleged in paragraphs 44-53 as alleged herein.  William even accused Plaintiff of criminal activity and such activity and all such false statements were wrongful. William's wrongful conduct in making false statements to Airbnb employees

destroyed Plaintiff's cohost business. Plaintiff had a property right in the
continuation of her business and these wrongful acts by William, which were
aimed at Airbnb removing Plaintiff as a cohost and host from Airbnb's web
platform in furtherance of Defendants plan and purpose, violated the Hobbs Act.
Plaintiff had a right to make business decisions and to solicit business free from
wrongful coercion which was a protected property right. Plaintiff had a right to
solicit business from Airbnb for her cohost business and on Airbnb's website for
her own rental business free from threatened destruction and physical harm which
are protected property rights under the Hobbs Act. William forced Airbnb to refuse
operations with Plaintiff through her SuperHost account and as a cohost thus
William induced Plaintiff's consent to give up property, consisting of a right to
contract freely with Airbnb. There were other businesses besides Airbnb beyond
William's control with whom Plaintiff could do business.

94. <u>Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C.
§1343</u>.  On June 17, 2017 when Defendant William made false statements to
Airbnb employees over email to Airbnb employees including the false statements
as alleged in paragraphs 44-53, William committed an act constituting an
indictable offense under 18 U.S.C. §1343 as he committed honest services fraud.
William as Plaintiff's employer was engaged in an informal fiduciary relationship
with his employee Plaintiff and William breached such fiduciary duty by
threatening Plaintiff if she complained to Airbnb employees about William and
Roxanne's illegal conduct.

95. <u>Predicate Act. Violation of the Hobbs Act 18 U.S.C. §1951.</u> Defendant
Roxanne attempted to force Plaintiff out of business by forwarding William's
email on June 17, 2017 to Airbnb employees and by making additional false
statements about Plaintiff to Airbnb employees over email including as described
in paragraph 43 above. Roxanne's wrongful conduct destroyed Plaintiff's cohost

business. Plaintiff had a property right in the continuation of her business and Roxanne's wrongful acts, which were aimed at Airbnb employees removing Plaintiff as a cohost and host from Airbnb's web platform in furtherance of Defendants plan and purpose, violated the Hobbs Act. Plaintiff had a right to solicit business from Airbnb for her cohost business and her own rental business on Airbnb's website free from threatened destruction which are protected property rights under the Hobbs Act. Roxanne forced Airbnb to refuse operations with Plaintiff through her SuperHost account and as a cohost thus Roxanne induced Plaintiff's consent to give up property, consisting of a right to contract freely with Airbnb Inc. There were other businesses besides Airbnb that were beyond Roxanne's control with whom Plaintiff could do business.

96. <u>Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C. §1343</u>. On June 17, 2017 when Defendant Roxanne forwarded William's email containing his false statements to Airbnb employees as alleged in paragraphs 44-53, Roxanne committed an act constituting an indictable offense under 18 U.S.C. §1343 as Roxanne committed honest services fraud. Roxanne as Plaintiff's employer was engaged in an informal fiduciary relationship with her employee Plaintiff and Roxanne breached such fiduciary duty by forwarding William's false statements he made about Plaintiff to Airbnb employees.

97. <u>Predicate Act. Violation of the Hobbs Act 18 USC §1951</u>. On June 18, 2017 Defendant Roxanne stated to Airbnb employees over email she hoped Plaintiff's profile was also being deactivated while Airbnb sorts this out and Roxanne's wrongful conduct destroyed Plaintiff's cohost business. Plaintiff had a property right in the continuation of her business and Roxanne's wrongful acts, which were aimed at Airbnb employees removing Plaintiff as a cohost and host from Airbnb's web platform in furtherance of William and Roxanne's plan and purpose, violated the Hobbs Act. Plaintiff had a right to solicit business from Airbnb for her cohost business and her own rental business on Airbnb's website free from threatened

destruction which are protected property rights under the Hobbs Act. Roxanne forced Airbnb Inc. to refuse operations with Plaintiff through her SuperHost account and as a cohost thus Roxanne induced Plaintiff's consent to give up property, consisting of a right to contract freely with Airbnb Inc. There were other businesses besides Airbnb that were beyond Roxanne's control with whom Plaintiff could do business.

98. <u>Predicate Act: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C. §1343</u>. Defendant Roxanne's statement to Airbnb employees over email on June 18, 2017 that she hoped Plaintiff's profile was also being deactivated while Airbnb sorts this out was an act constituting an indictable offense under 18 U.S.C. §1343 as Roxanne committed honest services fraud. Roxanne as Plaintiff's employer was engaged in an informal fiduciary relationship with her employee Plaintiff and Roxanne breached such fiduciary duty by interfering with Plaintiff's cohost and separate rental property business.

99. <u>Predicate Act. Violation of the Hobbs Act 18 USC §1951.</u> Defendant William continued to send Airbnb employees documentation over email to mislead them about William and Roxanne's illegal activity on or about June 21, 2017 to interfere with Plaintiff's cohost business and livelihood as an Airbnb host for her own properties. William's wrongful conduct destroyed Plaintiff's cohost business. Plaintiff had a property right in the continuation of her business and William's wrongful acts, which were aimed at Airbnb employees removing Plaintiff as a cohost and host from Airbnb's web platform in furtherance of William's plan and purpose, violated the Hobbs Act. Plaintiff had a right to solicit business from Airbnb for her cohost business and her own business on Airbnb's website free from threatened destruction which are protected property rights under the Hobbs Act. William forced Airbnb to refuse operations with Plaintiff through her SuperHost account and as a cohost thus William induced Plaintiff's consent to give up property, consisting of her right to contract freely with Airbnb Inc. There were

other businesses besides Airbnb beyond William's control with whom Plaintiff could do business.

100.    Predicate Act. Violation of the Hobbs Act 18 USC §1951. On June 22, 2017, Defendant William stated to Airbnb employees over the telephone he wanted LAPD to come to his rental unit to prove he's not guilty, but William stated that's not something that the police are willing to do proactively. Upon information and belief, William had not spoken to anyone at the Los Angeles Police Department. William's wrongful conduct destroyed Plaintiff's cohost business. Plaintiff had a property right in the continuation of her business and William's wrongful activities, which were aimed at Airbnb employees removing Plaintiff as a cohost and host from Airbnb's web platform in furtherance of William and Roxanne's plan and purpose, violated the Hobbs Act. Plaintiff had a right to solicit business from Airbnb for her cohost business and her own rental business on Airbnb's website free from threatened destruction and physical harm which are protected property rights under the Hobbs Act. William forced Airbnb Inc. to refuse operations with Plaintiff through her SuperHost account and as a cohost thus Roxanne induced Plaintiff's consent to give up property, consisting of her right to contract freely with Airbnb Inc. There were other businesses beyond William's control besides Airbnb with whom Plaintiff could do business.

101.    Predicate Acts: Use of Wires to Defraud Plaintiff in Violation of 18 U.S.C. §1343. Defendants William and Roxanne Hendricks paid Plaintiff by wire communication on at least nine different dates in 2017 (on or about the following dates: May 20th, May 23rd, June 2nd, June 4th, June 7th, June 10th, June 13th, June 17th and June 22nd) and William and Roxanne failed to report Plaintiff's wages to the Federal government which Plaintiff earned in 2017 and William and Roxanne deprived Plaintiff of the employer Defendants' half of the social security payments and expose Plaintiff to such liabilities. Each payment constituted a separate predicate act as William and Roxanne committed an act constituting an

indictable offense under 18 U.S.C. §1343 as they committed honest services fraud. William and Roxanne as Plaintiff's employer were engaged in an informal fiduciary relationship with their employee Plaintiff and William and Roxanne breached such fiduciary duty by depriving Plaintiff of the employer Defendants' half of the social security payments.

102.    Defendants William and Roxanne's racketeering activity involved a series of events, beginning with Defendants illegal drug purchases as far back as 2013, Defendants solicitation of their employees including Plaintiff to traffic drugs, also including Defendants extortion of Plaintiff, Defendants violations of the Hobbs Act, wire fraud and Defendants acts in continuing to underreport wages to Defendants employees, are all interrelated. Defendants asked at least two separate employees, Plaintiff and Inmer Hernandez, to commit criminal acts while employed by Defendants and Defendants also underreported employee wages to the Federal government.

103.    Plaintiff had a right to conduct her businesses without Defendants William and Roxanne's interference and Plaintiff's rights include the right to make business decisions and to solicit business from Airbnb and other cohosts free from wrongful coercion and Defendants interfered with Plaintiff's rights.

104.    A relationship existed between Defendants William and Roxanne's retaliatory actions described above and the underlying wrongdoing in trafficking drugs over the internet and causing such illegal drugs to be shipped through the U.S. Mail as well as William asking Plaintiff to commit similar criminal acts. Because retaliatory acts are inherently connected to the underlying wrongdoing exposed by Plaintiff to Airbnb and the Los Angeles Police Department, a relationship existed between Defendants' attempts to involve Plaintiff in Defendants illegal enterprise and the predicate acts involving extortion, wire fraud and violations of the Hobbs Act committed by Defendants as alleged.

105.      Defendants William and Roxanne were actors in the scheme in attempting to involve Plaintiff in Defendants illegal enterprise and Defendants extortion schemes and violations of the Hobbs Act and wire fraud thus a factual link existed between such schemes. Defendants under reported their employee wages and William even asked Plaintiff and Inmer Hernandez as terms of Plaintiff's employment to physically transport illegal drugs from Unit #705. A temporal relationship between the predicate acts involving Defendants underreporting wages to the Federal government and soliciting Plaintiff to commit crimes and Defendants subsequent acts of extortion and violations of the Hobbs Act and wire fraud existed thus these schemes were related and the continuity requirement under RICO is satisfied.

106.      Defendants William and Roxanne carried out their scheme in different states and could not have done so unless they used the internet and U.S. mail to purchase drugs over the internet and arrange for deliveries of illegal drugs over a number of years. Specifically, William and Roxanne used wire and U.S. mail for the purpose of continuing their unlawful scheme in purchasing and making arrangements to send illegal drugs to Defendants Los Angeles rental property (Unit #705) and also the city of San Diego, California and Des Moines, Iowa, and also Austin, Texas. On information and belief, William also shipped illegal drugs to unnamed places he travelled.

107.      Defendants William and Roxanne used wire communications for the purpose of continuing their unlawful scheme in sending illegal drugs to Defendants Los Angeles rental property (Unit #705) where Plaintiff was employed.

108.      Defendant William used wire communications for the purpose of continuing their unlawful scheme in asking Plaintiff to commit criminal acts in sending illegal drugs through the U.S. mail to Defendants home in Iowa.

109.      Defendant William used wire communications for the purpose of continuing their unlawful scheme in asking Plaintiff to commit criminal acts in

meeting Inmer Hernandez at Defendants rental property in Los Angeles ("Unit 705") so he could transport illegal drugs to Defendants.

110.  Defendants William and Roxanne used wire communications for the purpose of paying Plaintiff her wages continuing Defendants unlawful scheme in under reporting Defendants wages. On information and belief Defendants paid their other employees via wire communication as well.

111.  Defendants William and Roxanne's shared objective was to use the internet and U.S mail and Plaintiff and other employees to transport and traffic illegal drugs to wherever William and Roxanne happened to be residing.

112.  Defendants William and Roxanne's shared objective was to use the internet to underreport Plaintiff's and other employees wages and instead subject Defendants employees to payroll tax liabilities.

113.  Plaintiff reasonably and justifiably relied upon Defendants' William and Roxanne's false representations and deceptive communications in accepting an employment position for Defendants who shortly thereafter attempted to involve Plaintiff in Defendants criminal enterprise, and Plaintiff has been damaged as a direct and proximate result of Defendants' participation in such enterprise, as alleged herein.

114.  Defendants William and Roxanne's violations of federal law as set forth herein. each of which directly and proximately injured Plaintiff and other employees, constituted a continuous course of conduct spanning a period since 2013, which was intended to convince others to commit criminal acts through fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C.§1961(l) and (5).

115.  Defendants William and Roxanne have conducted and/or participated, directly and/or indirectly, in the conduct of the affairs of the alleged enterprises through a pattern of racketeering activity as defined herein in violation of 18 U.S.C. §1962(c).

116.    The unlawful actions of Defendants William and Roxanne, and each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff's livelihood and her business. Plaintiff seeks an award of damages in compensation for, among other things, Plaintiff's unrealized profits for her cancelled reservations and loss of income for her rental properties, Plaintiff's lost wages, destruction of Plaintiff's cohost business and lost rental and business income.

117.     Plaintiff accordingly seeks an award of three times the damages she sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized by statute.

## SECOND CAUSE OF ACTION

**Conspiracy to Engage in a Pattern of Racketeering
Activity: 18 U.S.C. §1962(d)
(Against William and Roxanne Hendricks)**

118.    Plaintiff incorporates by reference all the preceding paragraphs 1-117 of this Complaint as if fully set forth herein.

119.    In violation of 18 U.S.C. § 1962(d), the Defendants William and Roxanne and each of them, knowingly, willfully, and unlawfully conspired to facilitate a scheme which included the operation or management of a RICO enterprise through a pattern of racketeering activity as alleged in paragraphs 68-117 above.

120.    The conspiracy commenced at least as early as 2013 and there is a continued threat of repetition of such conduct.

121.    The conspiracy's purpose was to order illegal drugs over the internet and ship the illegal drugs through the United States mail and convince others including their employees to commit criminal acts through William and Roxanne's false representations, fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(l) and (5).

122.     The conspiracy's purpose was to interfere with Plaintiff's lawful employment and livelihood by means of Defendants William and Roxanne's acts of extortion, violations of the Hobbs Act, wire fraud, deceit, and other improper and unlawful means. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(l) and (5). There is also a continued threat of repetition of such conduct.

123.     The conspiracy's purpose was to underreport Federal wages to the Federal government to deprive Plaintiff and their employees of Defendants William and Roxanne's employer portion of their social security payments to impose payroll liabilities on Plaintiff and Defendants other employees. Therefore, said violations were a part of a pattern of racketeering activity under 18 U.S.C. § 1961(l) and (5). There is also a continued threat of repetition of such conduct.

124.     Each Defendant, William and Roxanne, committed at least one overt act in furtherance of such conspiracy. These acts in furtherance of the conspiracy included, misleading Plaintiff as to the existence and extent of Defendants William and Roxanne's illegal acts, attempting to have Plaintiff commit criminal acts involving the United States Postal Service, attempting to have Plaintiff meet a stranger to transport the illegal drugs to another location all as described above, misleading Airbnb about William and Roxanne's illegal acts which destroyed Plaintiff's business and under reporting income to the Federal government.

125.     Even if both Defendants William and Roxanne did not agree to harm Plaintiff specifically, the purpose of the acts they engaged in was to advance the overall object of the conspiracy, and the harm to Plaintiff was a reasonably foreseeable consequence of William and Roxanne's actions.

126.     Plaintiff has been injured and continues to be injured in her business and property by Defendants William and Roxanne's conspiracy in violation of 18 U.S.C. 5 1962(d). The unlawful actions of Defendants William and Roxanne, and

each of them, have directly, illegally, and proximately caused and continue to cause injuries to Plaintiff in her business or property. Plaintiff seeks an award of damages in compensation for Plaintiff's unrealized profits for her cancelled rental reservations, lost rental income, lost cohost business income and lost wages.

127.    Plaintiff further seeks an award of three times the damages she sustained, and the recovery of reasonable attorneys' fees and costs of investigation and litigation, as well as any other relief as authorized.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks relief against Defendants as follows:

1. For the RICO violations, an award of trebled damages as consistent with 18 U.S.C. § 1964(c), compensatory and actual damages, reasonable attorneys' fees, pre-judgment interest, post-interest, costs and an award that this Court deems just and proper.

2. An order enjoining Defendants from future participation in their unlawful enterprises.

3. Grant to Plaintiff whatever other relief is just and proper.

## JURY TRIAL DEMAND

Plaintiff demands a jury trial on issues so triable.

Dated: February 9, 2021

Respectfully submitted,

_Michael Mogan_
Michael Mogan
Attorney for Plaintiff,
Veronica McCluskey

# EXHIBIT A



